Case 8:18-cv-02156-SDM-AAS   Document 1   Filed 08/29/18   Page 1 of 7 PageID 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| STEVE JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 8:18cv2156T23 AAS ) |
| CAPITAL ONE BANK, | ) ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, STEVE JACKSON ("Plaintiff"), through his attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, CAPITAL ONE BANK ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, et seq. ("TCPA").

### JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

4. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Defendant conducts business in Brandon, Hillsborough County, Florida.

1



6. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Brandon, Hillsborough County, Florida.

8. Plaintiff is a consumer as that term is defined by the FCCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FCCPA.

10. Defendant is a debt collector as that term is defined by the FCCPA.

11. Defendant is a banking institution with a principal place of business in Glen Allen, Virginia.

12. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

13. Within the last year, Defendant communicated with Plaintiff as that term is defined by the FCCPA.

14. Defendant regularly engages in business in the State of Florida.

15. Defendant regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

16. During the course of its attempts to collect debts owed or due or asserted to be owed or due another, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

2

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff which Plaintiff does not owe.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

20. Within the past year of Plaintiff filing this Complaint, Defendant placed collection calls to Plaintiff's cellular telephone number at xxx-xxx-5449 in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff from 800-955-6600, which is one of Defendant's telephone numbers.

22. On at least four (4) occasions since Defendant began calling Plaintiffs, Plaintiff has spoken with one of Defendant's representatives and has requested for Defendant to stop calling them.

23. On at least one occasion since Defendant began calling Plaintiff, Plaintiff e-mailed Defendant a written request to stop calling him.

24. Despite Plaintiff's repeated requests to stop calling, Defendant continued to place collection calls to Plaintiff's telephone.

25. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

26. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

27. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

28. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

29. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

30. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

31. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

32. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

33. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

34. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

36. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

37. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

38. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

39. The telephone dialer system Defendant used to call Plaintiff's cellular telephone

simultaneously calls multiple consumers.

40. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

41. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

42. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiff's privacy;

   b. Electronically intruding upon Plaintiff's seclusion;

   c. Intrusion into Plaintiff's use and enjoyment of his cellular telephone;

   d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of his cellular telephone; and

   e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

43. Defendant violated the FCCPA based on the following:

   a. Defendant violated § 559.72(7) of the FCCPA by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her family, when Defendant attempted to collect a debt from Plaintiff that he does

5

not even owe and when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling him; and

b. Defendant violated § 559.72(9) of the FCCPA by attempting to enforce a debt when such person knows that the debt is not legitimate, when Defendant attempted to collect a debt from Plaintiff that he does not even owe.

WHEREFORE, Plaintiff, STEVE JACKSON, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK, for the following:

44. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

45. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

46. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. 559.77(2); and

47. Any other relief that this Honorable Court deems appropriate.

### COUNT II
### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

43. Plaintiff repeats and re-alleges paragraphs 1-42 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

44. Defendant's conduct violated the TCPA by:

a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, STEVE JACKSON, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK, for the following:

45. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

46. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

47. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

48. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

August 24, 2018

By:/s/ 
Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com
Attorney for Plaintiff